SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
FEB 25 2020
ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                               CRIMINAL NO. 3:20cr31-CWR-LRA

TED BRENT ALEXANDER and                          18 U.S.C. § 1349
JON DARRELL SEAWRIGHT                            18 U.S.C. § 1348
                                                 18 U.S.C. § 1343

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant **TED BRENT ALEXANDER ("ALEXANDER")** is a resident of Mississippi whose primary place of business is in Jackson, Hinds County, Mississippi.

2. Defendant **JON DARRELL SEAWRIGHT ("SEAWRIGHT")** is a resident of Mississippi whose primary place of business is in Jackson, Hinds County, Mississippi.

3. **ALEXANDER SEAWRIGHT, LLC** is a Mississippi Limited Liability Company wholly owned by defendants **ALEXANDER and SEAWRIGHT**, with offices at 4247 Crane Boulevard, Jackson, Mississippi.

4. **ALEXANDER SEAWRIGHT TIMBER FUND I (ASTF I)** is a Mississippi Limited Liability Company wholly owned by defendants **ALEXANDER and SEAWRIGHT**, with offices at 4247 Crane Boulevard, Jackson, Mississippi.

## THE SCHEME AND ARTIFICE TO DEFRAUD

5. Beginning at least as early as 2011 and continuing through December 2018, in the

1

Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT**, aided and abetted by each other and by others known and unknown, did knowingly and intentionally participate in a scheme and artifice to defraud investors by soliciting millions of dollars of funds under false pretenses, failing to use investors' funds as promised, and misappropriating and converting investors' funds to **ALEXANDER's and SEAWRIGHT's** own benefit and the benefit of others without the knowledge or authorization of the investors.

6. Defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** represented to investors that ASTF I was in the business of loaning funds to a "Broker" to buy timber rights from landowners and then selling the timber rights to lumber mills at a higher price. **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** promised ASTF I investors a return of 10% or more over twelve or thirteen months on each unit of invested capital. In fact, neither **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** nor the Broker had legitimate timber rights or contracts with lumber mills. In furtherance of the scheme and artifice to defraud, **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** represented to investors that their money would be invested in the purchase of such timber rights.

7. In furtherance of the scheme and artifice to defraud, defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** solicited investors by delivering to them an Equity Term Sheet outlining the details of the investment. The Equity Term Sheets promised and warranted to all investors that

    a. ASTF I (the "Sponsor" or the "Company") would first repay to investors all principal and interest from proceeds of the investments: "All proceeds of the Note will

2

be credited first to Investors;" and defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** would receive no distribution of payment of fees before the investors: "No distributions will be made to Company from repayment of the Note until all Invested Capital and the Investment Return have been credited to Investors;" and

    b. Defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** acting as ASTF I "will inspect the property related to the Timber Rights . . . and will inspect the executed agreement(s) with the timber mill(s)."

8. In fact, defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** received distributions and payments, including 3% of the amount invested, immediately upon transferring the investment to the broker. Contrary to their promises, defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** failed to inspect each property underlying each investment, and they failed to verify that supposed lumber mill agreements were in existence and valid. Participating in the scheme and artifice to defraud, and profiting therefrom, defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT**, through the ALEXANDER SEAWRIGHT TIMBER FUND I, fraudulently solicited over 20 million dollars ($20,000,000) from more than 50 investors.

9. In furtherance of the scheme and artifice to defraud, defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** represented to investors that **ALEXANDER and SEAWRIGHT** had confidence in the timber deeds, as well as the associated contracts with lumber mills for the timber. **ALEXANDER and SEAWRIGHT** represented to their investors, and led their investors to, believe, that **ALEXANDER and SEAWRIGHT**

3

diligently were inspecting each tract of land, each document, each deed and each contract in support of their investments. In fact, defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** did not.

10. It was further part of the scheme and artifice to defraud that defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** represented to their investors that **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** would only earn money from each investment if they performed as promised to the investors. This gave the ASTF I investors the misleading impression that their interests were fully aligned with those of **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT**. In fact, in addition to receiving a percentage of return on the investors' funds, defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** also received payments from the broker for recruiting investors into the scheme. **ALEXANDER and SEAWRIGHT** did not disclose to the ASTF I investors: (a) that they were receiving these payments, or (b) the amount of the payments, or (c) that **ALEXANDER and SEAWRIGHT** were getting paid before any payment was made to the investors.

11. It was further part of the scheme and artifice to defraud, that defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** persuaded investors to maintain their investments and to invest additional funds, by asserting that the defendants themselves had their own personal funds invested in the ASTF I.

12. It was part of the scheme and artifice to defraud, that defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** knew and intended that the false and fraudulent pretenses, representations, and promises would induce investors to entrust money to them, resulting in investors suffering undue risk and substantial loss, while **ALEXANDER and**

4

**SEAWRIGHT** benefitted from the fraudulent scheme, as **ALEXANDER and SEAWRIGHT** received undisclosed, up-front payments, without that investment risk, of awaiting back-end payment out of ASTF I.

## COUNT 1
(Conspiracy to Commit Securities and Commodities Fraud, and to Commit Wire Fraud: 18 U.S.C. § 1349)

13. Beginning on or about January 1, 2011, and continuing through on or about December 31, 2018, the exact dates being unknown to the Grand Jury, in Hinds County and in Madison County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly, combine, conspire, confederate and agree together and with others, known and unknown to the Grand Jury, to commit certain offenses against the United States, namely,

   a. Securities and commodities fraud, in violation of Title 18, United States Code, Section 1348; and

   b. Wire fraud, in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy

14. It was the object of the conspiracy for the defendants to unjustly enrich themselves by using interstate and international wires to defraud persons by inducing them to invest in fraudulent commodities investments in timber deeds, timber tracts and loans to finance timber procurement to lumber mills, to make money and profit by defrauding individual victims, third parties and institutions.

Case 3:20-cr-00031-CWR-LGI   Document 4   Filed 02/25/20   Page 6 of 10

## The Manner and Means of the Conspiracy

15. Paragraphs 1 through 12 are realleged and incorporated by reference as though fully set forth herein.

16. The manner and means by which the defendants and their coconspirators sought to accomplish the objects of the conspiracy included, among other things, the following:

17. Co-conspirators in Mississippi and elsewhere would recruit and solicit investment by approaching and offering investments to various individuals throughout the United States.

18. Co-conspirators established and operated various business entities such as ALEXANDER SEAWRIGHT TIMBER FUND I and ALEXANDER SEAWRIGHT TIMBER FUND II, in Mississippi, and elsewhere in the United States.

19. Co-conspirators represented to investors and led investors to believe that defendants **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT** were the principal actors in arranging the timber commodities investment arrangements, while downplaying and concealing from the investors the role of the Broker.

20. Co-conspirators would declare to the investors that **ALEXANDER and SEAWRIGHT** would take a predetermined share of the returns from their investment, after investors had received their 10% return; but **ALEXANDER and SEAWRIGHT** failed to disclose to their investors, that **ALEXANDER and SEAWRIGHT** also received separate, up-front, before-investment payments for each investment brought to the scheme.

21. Defendants **ALEXANDER and SEAWRIGHT** would deposit moneys given by the investors into accounts belonging to ASTF I.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
(Securities and Commodities Fraud: 18 U.S.C. § 1348)

22. Paragraphs 1 through 12 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23. From on or about January 2011, the exact date being unknown to the Grand Jury, through on or about December 31, 2018, in Hinds County and in Madison County in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT**, aided and abetted by each other and by others known and unknown, did knowingly, and with intent to defraud, execute, attempt to execute, and cause the execution of, a scheme and artifice to defraud and to obtain moneys, funds, and other property in connection with the purchase or sale of a commodity for future delivery, and an option on a commodity for future delivery, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1348 and 2.

## COUNTS 3-6
(Wire Fraud: 18 U.S.C. § 1343)

24. Paragraphs 1 through 12 are realleged and incorporated by reference as though fully set forth herein.

25. Beginning on or about 2011, and continuing through on or about December 31, 2018, the exact dates being unknown to the Grand Jury, in Hinds County and in Madison County in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT**, aided and abetted by each other

and by others known and unknown, did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain moneys, funds, and other property, that is investor loans, investments and contributions, by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud and for obtaining money and property, and attempting to do so, did knowingly transmit and cause to be transmitted in interstate and foreign commerce by means of wire communications, writings, signs, signals, pictures and sounds.

26. On or about the dates listed below, in Hinds County and in Madison County, in the Northern Division of the Southern District of Mississippi, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, the defendants, **TED BRENT ALEXANDER and JON DARRELL SEAWRIGHT**, did knowingly transmit and cause to be transmitted, in interstate and foreign commerce, by means of wire communications, certain writings, signals, pictures and sounds, as more particularly described for each count below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 3 | January 10, 2018 | Interstate wire transfer of funds in the amount of $590,000 from the Federal Reserve Bank in Atlanta, Georgia, on behalf of the First Commercial Bank, in clearance and payment of a check issued by ASTF, to Southern Bancorp in Jackson, Mississippi. |
| 4 | January 16, 2018 | Interstate wire transfer of funds in the amount of $17,700 from the Federal Reserve Bank in Atlanta, Georgia, on behalf of the First National Bank of Clarksdale, Mississippi in clearance and payment of a check issued payable to the account of ALEXANDER SEAWRIGHT LLC, at First Commercial Bank, in Jackson, Mississippi. |
| 5 | February 15, 2018 | Interstate wire transfer of funds in the amount of $825,000 from the Federal Reserve Bank in Atlanta, Georgia, on behalf of the First Commercial Bank, in clearance and payment of a check issued b ASTF, to Southern Bancorp in Jackson, Mississippi. |
| 6 | February 15, 2018 | Interstate wire transfer of funds in the amount of $24,600 from the Federal Reserve Bank in Atlanta, Georgia, on behalf of Southern Bancorp in clearance and payment of a check issued payable to the account of ALEXANDER SEAWRIGHT LLC, at First Commercial Bank, in Jackson, Mississippi. |

All in violation of Title 18, United States Code, Sections 1343 and 1349.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has

been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(b); and Title 28, United States Code, Section 2461.

D. MICHAEL HURST, JR.
United States Attorney

**A TRUE BILL:**
**S/SIGNATURE REDACTED**
**Foreperson of the Grand Jury**

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 25th day of February, 2020.

UNITED STATES MAGISTRATE JUDGE